ATTORNEY GENERAL LOVING HAS RECEIVED YOUR LETTER REQUESTING AN ATTORNEY GENERAL OPINION ADDRESSING THE FOLLOWING QUESTION:
 WHAT, IN ADDITION TO A CAFETERIA, IS A RESTAURANT FOR THE PURPOSES OF THE TOURISM PROMOTION ACT?
YOUR QUESTION MAY BE ANSWERED BY REFERENCE TO STATUTES AND CASE LAW AND THEREFORE THE ISSUANCE OF A FORMAL OPINION OF THE ATTORNEY GENERAL IS NOT NECESSARY. THE DISCUSSION WHICH FOLLOWS IS NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL; IT REPRESENTS, RATHER, THE ANALYSIS AND CONCLUSIONS OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL.
PURSUANT TO 68 O.S. 50012 (1991), OKLAHOMA LEVIES A GROSS RECEIPTS TAX OF 1/10TH OF ONE PERCENT ON SALES OF FOOD AND DRINK BY HOTELS, RESTAURANTS, AND BARS. THIS SECTION PROVIDES IN PERTINENT PART:
 "A. THERE IS HEREBY LEVIED A GROSS RECEIPTS TAX OF ONE TENTH OF ONE PERCENT (1/10 OF 1 %) ON THE GROSS RECEIPTS FROM SALES OF THE FOLLOWING:
 (2) ANY FOOD, CONFECTION, OR DRINK SOLD OR DISPENSED BY HOTELS, RESTAURANTS OR BARS, AND SOLD FOR IMMEDIATE CONSUMPTION UPON THE PREMISES OR DELIVERED OR CARRIED AWAY FROM THE PREMISES FOR CONSUMPTION ELSEWHERE. FOR PURPOSES OF THE OKLAHOMA TOURISM PROMOTION ACT THE TERM RESTAURANT SHALL INCLUDE COMMERCIAL CAFETERIAS THAT PRIMARILY SERVE THE GENERAL PUBLIC AND SHALL NOT INCLUDE THOSE CAFETERIAS OPERATED WITHIN A LICENSED HOSPITAL(.)"
ORIGINALLY, SUBSECTION (A)(2) OF THE ABOVE-QUOTED STATUTE READ AS FOLLOWS:
 "ANY FOOD, CONFECTION, OR DRINK SOLD OR DISPENSED BY HOTELS, RESTAURANTS, BARS, OR OTHER SIMILAR DISPENSER, AND SOLD FOR IMMEDIATE CONSUMPTION UPON THE PREMISES OR DELIVERED OR CARRIED AWAY FROM THE PREMISES FOR CONSUMPTION ELSEWHERE. FOR PURPOSES OF THE OKLAHOMA TOURISM PROMOTION ACT. `OTHER SIMILAR DISPENSERS' SHALL NOT INCLUDE RETAIL STORES COMMONLY RECOGNIZED AS GROCERY STORES OR CONVENIENCE GROCERY STORES. (EMPHASIS ADDED)." 68 O.S. 50012(A)(2) (1987)
A 1988 AMENDMENT TO THIS SECTION DELETED THE ABOVE UNDERLINED LANGUAGE AND. THEREFORE, ANY REFERENCE TO "OTHER SIMILAR DISPENSERS," AND ANY EXPLICIT EXEMPTION FOR GROCERY STORES OR CONVENIENCE GROCERY STORES WAS REMOVED. CONSEQUENTLY, THE SUBJECT TAX IS NOW LEVIED UPON HOTELS, RESTAURANTS AND BARS. IT IS SIGNIFICANT THAT THE LEGISLATURE DELETED REFERENCES TO THESE TYPES OF STORES. IT IS CONCEIVABLE UNDER CURRENT LAW THAT A RESTAURANT COULD OPERATE WITHIN A RETAIL, GROCERY OR CONVENIENCE STORE.
NEITHER THE STATUTE NOR THE OKLAHOMA TAX COMMISSION, THE AGENCY WHICH IS PRIMARILY RESPONSIBLE FOR ENFORCEMENT OF THE TOURISM PROMOTION ACT, HAS SPECIFICALLY DEFINED THE TERM RESTAURANT. TAX COMMISSION RULE 710:75-1-4 PROVIDES THAT:
 TOURISM TAX SHALL BE LEVIED ON THE GROSS RECEIPTS FROM THE SALE OF THE FOLLOWING:
 "2. FOOD AND DRINK DISPENSED BY, INCLUDING BUT NOT LIMITED TO:
A. HOTELS;
B. RESTAURANTS;
C. BARS;
D. CLUBS;
 E. COMMERCIAL CAFETERIAS THAT PRIMARILY SERVE THE GENERAL PUBLIC."
I HAVE BEEN UNABLE TO LOCATE ANY OKLAHOMA DEFINITION OF RESTAURANT IN THE REMAINDER OF THE TAX CODE, OTHER STATUTES, RULES OR CASE LAW.
IN THE ABSENCE OF A CONTRARY DEFINITION OF THE WORDS IN AN ACT, IT MUST BE ASSUMED THAT THE LEGISLATURE INTENDED THE WORDS TO HAVE THE SAME MEANING AS THAT ATTRIBUTED TO THEM IN ORDINARY AND USUAL PARLANCE. RIFFE PETROLEUM V. GREAT NATIONAL CORP.. INC. 614 P.2D 576 (OKLA.1980). THE TERM RESTAURANT IS DEFINED VARIOUSLY AS "(A) PLACE WHERE MEALS ARE SERVED TO THE PUBLIC." THE AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE, NEW COLLEGE EDITION (1976), 1108, "AN ESTABLISHMENT WHERE REFRESHMENTS OR MEALS MAY BE PROCURED BY THE PUBLIC; A PUBLIC EATING HOUSE," WEBSTER'S THIRD INTERNATIONAL DICTIONARY (1986) 1936, AND "A PLACE WHERE FOOD IS PREPARED AND SERVED INSIDE TO BE CONSUMED ON TABLES, ALTHOUGH IT MAY BE TAKEN OUT AND CONSUMED IN CARS." 3 ANDERSON, AMERICAN LAW OF ZONING (3 ED. 1986) 185, SECTION 17.65.
THE GENERAL RULE TO BE APPLIED IN THE CONSTRUCTION OF TAX STATUTES REQUIRES THAT THE PRIMARY CONSIDERATION BE TO ASCERTAIN AND GIVE EFFECT TO THE INTENTION OF THE LEGISLATURE. TAX STATUTES ARE TO BE GIVEN A REASONABLE CONSTRUCTION WITH A VIEW TOWARD CARRYING OUT THE LEGISLATIVE PURPOSE AND INTENT, AND SUCH INTENTION IS TO BE DETERMINED FROM THE LANGUAGE OF THE ENTIRE ACT. AFFILIATED MANAGEMENT CORPORATION V. OKLAHOMA TAX COM'N., 570 P.2D 335, 337 (OKLA.1977).
THE PURPOSE OF THIS TAX IS TO PROVIDE FUNDS FOR THE PURPOSE OF PROMOTING OKLAHOMA TOURISM. 68 O.S. 1991, 50014. IT SEEMS CLEAR THAT THE INTENT OF THE LEGISLATURE WAS TO MAKE THOSE ENTITIES ENGAGED IN TOURISM PAY SOME PART OF THE COST OF PROMOTION. WITH THIS PURPOSE IN MIND, I BELIEVE THAT A CLOSE READING OF 68 O.S. 50012(A)(2) DOES, IN FACT, PROVIDE A WORKING DEFINITION OF THE TAXABLE EVENT FOR WHICH THIS TAX IS APPLICABLE.
PURSUANT TO SECTION 68 O.S. 50012, THERE MUST BE A SALE OF FOOD, CONFECTION, OR DRINK. THIS SALE MUST BE MADE BY A HOTEL, RESTAURANT, OR BAR. FINALLY, AND MOST IMPORTANTLY, THE SALE MUST BE MADE FOR "IMMEDIATE CONSUMPTION UPON THE PREMISES OR DELIVERED OR CARRIED AWAY FROM THE PREMISES FOR CONSUMPTION ELSEWHERE." THIS FINAL COMPONENT PROVIDES A WORKING DEFINITION OF THE TERM RESTAURANT AND INCLUDES ESTABLISHMENTS WHICH SELL PREPARED FOOD FOR CONSUMPTION EITHER ON OR OFF PREMISES.
IN MY OPINION, THE DEFINITION OF RESTAURANT FOR PURPOSES OF THE TOURISM PROMOTION ACT IS INTENDED TO INCLUDE ESTABLISHMENTS WHERE PATRONS CONSUME FOOD WHICH HAS BEEN PREPARED ON THE PREMISES. IT ALSO INCLUDES ESTABLISHMENTS WHERE PATRONS HAVE THE ABILITY TO "CARRY OUT" FOOD PREPARED ON THE PREMISES.
IT CANNOT BE DOUBTED THAT SUCH A DEFINITION PRODUCES "GRAY" AREAS AND IT IS DIFFICULT TO FORMULATE A TEST THAT MAY BE USED IN ALL SITUATIONS. HOWEVER, IT IS MY OPINION THAT THE TERM RESTAURANT IS NOT SO BROAD AS TO BE READ TO REFER TO "ALL FOOD SELLERS" SELLING FOOD SIMILAR TO A RESTAURANT. CLEARLY, TAXABILITY REQUIRES A DETERMINATION THAT THE SELLER IS IN FACT A RESTAURANT. WHETHER A PARTICULAR OPERATION IS A RESTAURANT WITHIN THE MEANING OF THE TOURISM PROMOTION ACT DEPENDS UPON THE ANALYSIS OF A GREAT NUMBER OF FACTS AND CIRCUMSTANCES. HOWEVER, USING THE DICTIONARY DEFINITION, THE STATUTORY STRUCTURE AND REVIEWING THE OVERRIDING PURPOSE OF THE ACT, IT IS MY OPINION THAT THE LAW IS SUFFICIENTLY BROAD TO INCLUDE SNACK BARS AND DELIS AS RESTAURANTS FOR PURPOSES OF THE ACT.
FOOD SERVICE AND CONVENIENCE TYPE STORES ARE MORE PROBLEMATIC AND DEPEND TO A GREAT EXTENT UPON THE MANNER IN WHICH THE SPECIFIC ENTITY CONDUCTS ITS FOOD SERVICE ACTIVITIES. THEREFORE, IN THE ABSENCE OF SPECIFIC FACTS, I AM EXTREMELY HESITANT TO ISSUE AN OPINION AS TO THIS TYPE OF ACTIVITY. HOWEVER, WHERE ONE OF THESE ENTITIES PREPARES FOOD WHICH MAY BE CONSUMED ON THE PREMISES OR CARRIED AWAY IT WOULD BE, AS TO THAT ACTIVITY, A RESTAURANT FOR PURPOSES OF THE TOURISM PROMOTION ACT.
IN CONCLUSION, IN THE ABSENCE OF A CLEAR STATUTORY DEFINITION, THE DEFINITION OF RESTAURANT SHOULD BE THAT WHICH IS USED IN THE ORDINARY AND USUAL PARLANCE. GIVEN THE UNDERLYING PURPOSE OF THE ACT, I.E., TOURISM PROMOTION, THE STATUTORY GUIDANCE, AND THE AVAILABLE DICTIONARY DEFINITIONS, IT IS MY OPINION THAT FOR PURPOSES OF THIS ACT, THE LEGISLATURE INTENDED THAT THE TERM RESTAURANT BE BROAD. EVEN WITHIN THE CONTEXT OF A BROAD DEFINITION, HOWEVER, THERE ARE PROBLEM AREAS. AT THIS POINT, THERE IS NO "BRIGHT LINE" TEST AND PERHAPS MORE DEFINITIVE LEGISLATION COULD PROVIDE THE NECESSARY TEST.
(DOUGLAS F. PRICE)